**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| AVRAM E. GLICK, | DOCKET NUMBER |
| Appellant, | SF-0752-13-0466-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: August 27, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jeff Letts, Trenton, New Jersey, for the appellant.

Matthew D. Dunand and Steven L. Seaton, Esquire, Bremerton,
    Washington, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's action indefinitely suspending him pending a security clearance determination.   For the reasons discussed below, we GRANT the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.   Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.   In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.   *See* 5 C.F.R. § 1201.117(c).

appellant's petition for review and REVERSE the initial decision. The indefinite suspension is NOT SUSTAINED.

¶2 The appellant is a GS-11 Shipbuilding Specialist. Initial Appeal File (IAF), Tab 5 at 12. His position is designated as noncritical sensitive.[2] *Id.* at 50. On March 13, 2013, the Department of Defense's (DOD) Consolidated Adjudications Facility (CAF) notified the appellant of its preliminary decision to revoke his eligibility for a security clearance and/or assignment to a sensitive position. IAF, Tab 5, Subtab 4I. The CAF provided him with a Statement of Reasons (SOR) forming the basis for the preliminary decision and informed him that he could respond to the SOR within 15 calendar days. *Id.* The agency informed the appellant that, if the CAF made a final decision to revoke his eligibility for a security clearance and/or assignment to a sensitive position, he could appeal the decision by submitting a written appeal to the Personnel Security Appeals Board (PSAB) or by requesting a personal appearance before an administrative judge of the Defense Office of Hearings and Appeals (DOHA). IAF, Tab 5 at 25.

¶3 Based on the preliminary decision, the agency proposed to suspend the appellant's access to classified information. *Id.* at 24. The agency advised the appellant that he could provide any information he wished to be considered prior to a final decision regarding the suspension of his access to classified information, and scheduled a March 18, 2013 meeting for him with the deciding official. *Id.* On March 16, 2013, the appellant submitted written and oral responses, which the agency considered. *Id.* at 5, 19-23. On March 18, 2013, the agency made a final decision to suspend the appellant's access to classified information, and proposed to indefinitely suspend him, pending a final determination regarding his eligibility for a security clearance and/or to occupy a sensitive position. *Id.* at 16-19. On April 23, 2013, the agency made a final

---

[2] We assume, without deciding, that the administrative judge correctly found that the appellant's position was subject to a security clearance requirement. *See* IAF, Tab 24, Initial Decision (ID) at 2, 7.

decision to indefinitely suspend the appellant, as a result of the suspension of his access to classified information. *Id.* at 13-15. The appellant's indefinite suspension became effective on April 18, 2013.[3] *See id.* at 12-13.

¶4 The appellant filed an appeal with the Board regarding his indefinite suspension. IAF, Tab 1. He requested a hearing. *Id.* at 2. On appeal, the appellant asserted, inter alia, that the agency violated DOD Instruction 5200.2-R and 32 C.F.R. § 154 by failing to follow the procedures, set forth at section C8.2.2 of that instruction prior to indefinitely suspending him. IAF, Tab 15 at 4-7, Tab 22 at 2-5. Specifically, he argued that, before being subjected to an adverse action relating to his security clearance, he was entitled to submit a response to the CAF, receive a decision from CAF and, if applicable, appeal the CAF's unfavorable decision to the PSAB. IAF, Tab 15 at 6. He stated that, although he had submitted a response to the CAF, he had neither received a decision from the CAF, nor submitted an appeal to the PSAB. *Id.* at 7. The agency conceded that the CAF was "still reviewing his case and ha[d] not yet issued a final determination to deny or revoke [his] security clearance and eligibility for access to . . . classified information." IAF, Tab 21 at 10.

¶5 After holding the requested hearing, the administrative judge issued an initial decision affirming the agency's indefinite suspension action. *See* ID. He

---

[3] The Standard Form 50 documenting the indefinite suspension indicates that the suspension became effective on May 7, 2013. IAF, Tab 5 at 12. However, for the following reasons, we find that the suspension began on April 18, 2013. When it proposed the indefinite suspension, the agency placed the appellant on administrative leave, pending a final decision. *Id.* at 16. The agency's decision notice indicates that it terminated the appellant's administrative leave on April 17, 2013. *Id.* at 13. The agency asserts that, because it permitted the appellant to exhaust his annual leave between April 18, 2013 and May 6, 2013, rather than placing him on leave without pay during that period, the indefinite suspension did not become effective until May 7, 2013. *See id.*; *see also* IAF, Tab 19 at 4-5. This is incorrect. The appellant's choice to exhaust his annual leave before being placed on leave without pay does not render his absence during that period voluntary because the fact is that he did not have the option of returning to work, given that the agency required him to remain off duty. *See Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294 (2014).

found, in relevant part, that: (1) the appellant's position required the ability to access classified information and, therefore, a security clearance; (2) the agency suspended the appellant's access to classified information; (3) the agency complied with the procedural requirements of 5 U.S.C. § 7513(b) in effecting the indefinite suspension; and (4) DOD Instruction 5200.2-R and 32 C.F.R. § 154 do not apply to adverse actions taken as a result of the suspension of access to classified information, which is not a final security determination. *See* ID.

¶6    The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He argues that the agency violated DOD 5200.2-R and 32 C.F.R. § 154, with which it was required to comply.[4] *Id.* at 9-11. The agency filed a response in opposition. PFR File, Tab 3.

¶7    Generally, in an appeal of an adverse action based on the denial, revocation, or suspension of a security clearance, the Board has the authority to review: (1) whether the appellant's position required a clearance; (2) whether the clearance was denied or revoked; (3) whether the employee was provided with the procedural protections specified in 5 U.S.C. § 7513; and (4) if a statute or regulation provides the employee a substantive right to reassignment, whether transfer to a nonsensitive position was feasible. *Schnedar v. Department of the*

---

[4] The appellant also argues that: (1) the individual who suspended his access to classified information did not have the authority to do so, which also constitutes a violation of DOD Instruction 5200.2-R; (2) the agency violated his due process rights, in that he did not receive a meaningful opportunity to respond to the proposal notice because the deciding official did not consider his response and did not have the authority to reassign him or take any other action to mitigate the proposed indefinite suspension; and (3) indefinite suspensions are illegal, in that the Office of Personnel Management (OPM) has improperly created a new adverse action not authorized by statute, and the Board should overturn its case law which allows indefinite suspensions in cases involving personnel security determinations. PFR File, Tab 1. Because we reverse the initial decision on other grounds, we need not reach these arguments. However, to the extent that the appellant is attempting to make a request for regulatory review, the request is denied because it fails to comply with the applicable Board procedures. *See* 5 C.F.R. § 1203.11.

*Air Force*, [120 M.S.P.R. 516](#), ¶ 7 (2014).  The Board may also review whether the agency complied with its own procedures in imposing the adverse action.  *Id.*, ¶ 8.

¶8        Here, the agency suspended the appellant's access to classified information based on the CAF's preliminary decision to revoke his security clearance and/or eligibility to occupy a sensitive position and indefinitely suspended him as a result.  After the CAF provided the appellant with the SOR and received his response, he was entitled, under section C8.2 of DOD Instruction 5200.2-R, to receive a written response from the CAF explaining its final decision and, if applicable, file an appeal with the PSAB or the DOHA and receive a final written decision before being indefinitely suspended.  IAF, Tab 15, Subtab A at 13-15.  It is undisputed that the agency did not follow these procedures.  This error was plainly harmful because had the agency followed its regulations, it would not have indefinitely suspended the appellant effective April 18, 2013, but would have waited until completion of the security clearance adjudication process before taking any adverse action against him.

¶9        The agency contends that DOD Instruction 5200.2-R and [32 C.F.R. § 154](#) are inapplicable in the context of an indefinite suspension based on the temporary suspension of access to classified information, a position with which the administrative judge agreed.  ID at 13-14; *see* PFR File, Tab 3 at 6-9; *see also* IAF, Tab 21 at 9-10.  However, in *Ulep v. Department of the Army*, [120 M.S.P.R. 579](#) (2014), we held that the Army's indefinite suspension action based on the suspension of the appellant's security clearance, without first providing him any of its procedures set forth at [32 C.F.R. § 154.56](#)(b), constituted harmful error warranting reversal of the action.  We therefore find, as to the instant appeal, that the indefinite suspension cannot be sustained for the foregoing reasons.

**ORDER**

¶10      We ORDER the agency to cancel the suspension and retroactively restore the appellant effective April 18, 2013. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶11      We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶12      We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and to describe the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶13      No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision in this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶14      For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision

are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

¶15     This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

### NOTICE TO THE APPELLANT
### REGARDING YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (U.S.C.), sections 7701(g), 1221(g), 1214(g) or 3330c(b); or 38 U.S.C. § 4324(c)(4).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1202.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has

held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.

|  | **DFAS CHECKLIST**<br><br>**INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
|---|---|

AS CHECKLIST: INFORMATION REQUIRED BY IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63)
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2.  Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3.  Outside earnings documentation statement from agency.

4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.

5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.